**NOT FOR PUBLICATION**

MAR 02 2015

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JERALD W. DAVENPORT, JR., | No. 13-35238 |
| Petitioner - Appellant, | D.C. No. 3:12-cv-05524-RJB |
| v. | |
| PATRICK R. GLEBE, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, Senior District Judge, Presiding

Argued and Submitted February 2, 2015
Seattle Washington

Before: BEA and MURGUIA, Circuit Judges, and KOBAYASHI, District Judge.**

Jerald W. Davenport, a Washington state prisoner, appeals the district

court's denial of his petition for habeas corpus. His appeal challenges his sentence

of life without parole as a persistent offender, pursuant to the Washington

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Leslie E. Kobayashi, District Judge for the U.S. District Court for the District of Hawaii, sitting by designation.

Persistent Offender Accountability Act, Wash. Rev. Code §§ 9.94A.505, 9.94A.570. Davenport argues that his counsel was ineffective in informing the prosecution that one of Davenport's prior convictions, for second degree robbery in violation of Oregon law, counted as a "strike" under Washington law, leading to the prosecution's withdrawal of a plea agreement that would have sentenced Davenport to a lesser term.

Under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), this Court is "doubly deferential" to the Washington state court's last reasoned decision, holding that Davenport's counsel was not deficient and that Davenport did not suffer prejudice. *See Clark v. Arnold*, 769 F.3d 711, 725 (9th Cir. 2014) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)). Also, this Court is bound by the Washington Supreme Court's interpretation of state law. *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

The Washington Supreme Court's decision – that defense counsel was not deficient because the plea offer was "based on mistakes of law and fact" and counsel "arguably would have violated his duty of candor toward the tribunal had he presented the flawed plea deal to the trial court" – was a determination of state law binding on this Court and, furthermore, was not contrary to, or an unreasonable application of, Supreme Court precedent. *See id.*; *see also Lafler v.*

*Cooper*, 132 S. Ct. 1376, 1384 (2012). Similarly, the state court's conclusion that Davenport suffered no prejudice because the Department of Corrections might have caught the error and the prosecution or trial court might have withdrawn or rejected the plea agreement on remand was not objectively unreasonable. *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (holding that to establish prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different").

AFFIRMED.